IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISRICT OF ILLINOIS

| | |
|---|---|
| BAND-IT IDEX, INC.  )<br>  )<br>  Plaintiff,  )<br>  )<br>  )<br>v.  )<br>  )<br>  )<br>IDEAL CLAMP PRODUCTS, INC.  )<br>  )<br>  Defendant.  )  | **JURY TRIAL DEMANDED**<br><br>**CIVIL ACTION NO.** _____ |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff Band-It Idex, Inc. by and through its attorneys and in support of its Complaint against Defendant Ideal Clamp Products, Inc., states and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for (i) trademark infringement of U.S. Registration No. 4,092,291, for the mark "PRO-LOKT" under 35 U.S.C. § 1114; (ii) false designation of origin and unfair competition under 35 U.S.C. § 1125; (iii) common law trademark infringement and unfair competition; (iv) violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, and (v) declaratory judgment as to the rights of the parties under 28 U.S.C. § 2201 *et seq*.

**THE PARTIES**

2. Plaintiff Band-It Idex Inc. (hereinafter "Band-It" or "Plaintiff") is a Delaware Corporation with its principal place of business at 4799 Dahlia Street in Denver, Colorado 80216.

3. Band-it is a wholly owned subsidiary of Idex Corporation, (hereinafter "Idex"), which is a Delaware Corporation headquartered in Lake Forest, Illinois. Idex is a publically traded corporation on the New York and Chicago stock exchanges. Band-It receives substantial direction and oversight from Idex and routinely shares information and documents with Idex in Lake Forest.

4. On information and belief, Defendant Ideal Clamp Products, Inc. (hereinafter "Ideal" or "Defendant"), is a Tennessee corporation with its principal place of business at 8100 Tridon Drive, Smyrna, Tennessee 37167.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this Complaint based on 28 U.S.C. §§ 1331, 1367, and 1338(a), as federal questions are presented. This Court also has jurisdiction over this Complaint based on 28 U.S.C. § 1332(a) as the parties are citizens of different states and the amount in controversy exceeds $75,000. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

6. On information and belief, Defendant is subject to personal jurisdiction in this Court because it regularly conducts business and/or has committed tortuous acts in this district by infringing on Band-It's protected trademarks and by committing unfair competition in the State of Illinois. Defendant advertises and makes its products, including the infringing products, available for purchase to consumers throughout the United States, including in the State of Illinois, and over the internet. Further, Defendant sells its products including banding buckles and clamps to and/or through W.W. Grainger Inc., an Illinois Corporation with its global headquarters at 100 Grainger Parkway, Lake Forest, Illinois, in direct competition with Band-It.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 as Defendant has, on information and belief, committed substantial parts of the infringing acts and unfair competition as alleged in this Complaint within this district and further because Defendant's actions and conduct as alleged herein has directly harmed and continues to directly harm Band-It and its parent Idex in this district.

## FACTUAL BACKGROUND

### Band-It's Business and the PRO-LOKT Mark

8.  Founded in 1937, Band-It is a world class leader, manufacturer, and supplier of engineered banding, strapping, and bundling solutions utilized to clamp and hold items together. Among its products, Band-It manufactures and sells a metal buckle and a banding system for joining together a metal strap of banding material which is placed around the items and that Band-It markets and sells under the brand PRO-LOKT. An image of the PRO-LOKT buckle appears below:



9.  The PRO-LOKT buckle is referred to in the relevant industry as a wing-sealed buckle and includes two projecting wings that can be folded over to clamp and bind the metal strap of banding material that is fed through the center cavity of the buckle. Band-It also makes available a special tool that installers can use to clamp the PRO-LOKT buckle to a banding strap.

10. Since at least March, 2010, Band-It has continuously referred to, marketed, and advertised the subject buckle using the PRO-LOKT mark. The PRO-LOKT buckle is advertised in product brochures that Band-It has published and distributed to consumers in the relevant market, which includes industries in which banding straps are typically used to clamp and hold multiple items together. Customers can refer to the brochures and literature when inquiring about and placing orders for various styles of the PRO-LOKT buckle.

11. The PRO-LOKT buckle and banding system are sold nationwide including in Illinois.

12. When Band-It ships units of the PRO-LOKT buckle to customers, the buckles are packaged in cartons clearly labeled with the PRO-LOKT mark to designate the origin and contents of the package to the recipient:



13. As the mark appears in both the brochure and on the shipping label, the term PRO-LOKT is placed adjacent to the TM symbol to clearly designate the term as a source identifier associated with the buckles and to indicate that Band-It has claimed trademark rights with respect to the term.

14. Accordingly, Band-It has spent considerable investment and effort in promoting the PRO-LOKT mark to the relevant customer base and to establish a clearly identifiable connection between the PRO-LOKT mark and Band-It as the source of the covered products. As a result of these efforts, the PRO-LOKT mark has established substantial goodwill and favorable recognition in the market place for banding buckles, banding straps, and related goods sold under the PRO-LOKT brand.

15. To protect the goodwill associated with the PRO-LOKT brand, on March 10, 2011, Band-It filed for and later received U.S. Registration No. 4,092,291 for the mark PRO-LOKT on the principle register in the U.S. Patent and Trademark Office ("PTO"). The PRO-LOKT registration is classified for goods and services in International Class 6 and particularly for a "metal band strapping buckle." The PRO-LOKT registration is for a standard word mark without claim to any particular font, style, size, or color.

16. Band-It is the sole owner of the PRO-LOKT mark and registration and has not encumbered the mark through licenses or acquiescence to third party use in any way.

17. In addition to the PRO-LOKT registration, Band-It is also the recipient of over thirty other trademark registrations in the PTO. Several of those registrations include the suffix "LOKT" including "DUAL-LOKT" and "TRI-LOKT" that cover similar banding products. The LOKT marks constitute a family of related trademarks that Band-It promotes as a brand within the industry.

**Defendant's Infringing PROLOK Mark**

18. Defendant Ideal, who also does business as Ideal Tridon, manufactures and sells banding and clamping systems and products in competition with some of the same products sold by Band-It and which are directed to the same customer base.

19. On information and belief, since at least about January, 2015, Defendant has been using in commerce the term "PROLOK" to market and promote a banding and clamping system which includes a buckle and a banding strap. An image of the PROLOK buckle appears as follows:



20. The PROLOK buckle is a metal band clamping buckle that includes winged seals which, on information and belief, can be folded over to clamp around a strapping band. The PROLOK buckle and banding system competes directly in the relevant market place with Band-It's PRO-LOKT brand buckles and banding system. Defendant's use of the PROLOK term was done without the authorization or knowledge of Band-It, and began several years after the registration date for the PRO-LOKT mark.

21. Defendant promotes its PROLOK banding system to the relevant consumers in a variety of ways. Defendant has published and made available a brochure advertising the PROLOK system, a copy of which is attached as Exhibit A and an image from the brochure is reproduced below. The brochure is available over the internet from Defendant's website at <http://idealtridon.com/resources/literature/>.



22. In addition, on information and belief, Defendant makes other information available on its website about the subject banding buckles and system that prominently displays the PROLOK term. This information is readily available to consumers in the relevant market for such products, including Band-It's customers.

23. On information and belief, Defendant issued a press release to the industry at large on January 15, 2015, announcing that "Ideal Clamp Products, Inc. is now offering ProLok, this band and buckle system offers maximum clamping capacity for your heavy duty needs." A copy of the press release is attached at Exhibit B. The press release further states that "[a]pplications include but are not limited to new construction, maintenance and repair, insulation banding, sign mounting, cable bundling, or for temporary uses such as holiday/seasonal decorations." This list of applications overlaps with at least some of the applications for Band-It's own PRO-LOKT buckles.

24. On information and belief, Defendant issued another press release to the industry on October 23, 2015, to further promote its PROLOK system. A copy of this press release is attached as Exhibit C. On information and belief, the two broadly distributed press releases have or will come into the possession and awareness of Band-It's customers and potential customers creating a likelihood of confusion regarding the two parties and their marks.

**Defendant's Petition to Cancel the PRO-LOKT Registration**

25. On October 28, 2014, Defendant filed an application for a trademark with the PTO seeking to register PROLOK. The registration for the mark was made without any

restriction or limitation as to font, style, size, or color. The registration designated International Class 6, the same class that Band-It's PRO-LOKT mark is in, and specifically listed among the relevant goods "stainless steel bands and buckles; hand tools used to apply and tighten the stainless steel banding."

26. In an Office Action mailed on February 27, 2015, the Examining Attorney at the PTO refused to register Defendant's application for the mark PROLOK due to a likelihood of confusion with Band-It's registration for PRO-LOKT, among other reasons. The Office Action considered as relevant factors the similarity of the marks, the similarity and nature of the goods, and the trade channels at issue. In particular, the Office Action specifically states:

> Applicant's proposed mark, PROLOK, is similar to registrant's mark, PRO-LOKT, because applicant's mark is comprised of PRO followed by LOK, and registrant's mark is comprised of PRO followed by the similar term, LOKT; thus the marks are similar in overall sound, appearance, and commercial impression.

27. In response to the refusal to register, Defendant filed in the PTO a petition to cancel Band-It's PRO-LOKT mark on August 4, 2015 on several grounds including (i) failure of the specimen of use submitted in Band-It's application to function as a mark, (ii) non-use of the trademark, (iii) misrepresentation, and (iv) and fraud. Defendant notably did not contest the Examining Attorney's finding that a likelihood of confusion exists between Band-It's registered mark PRO-LOKT and its own proposed PROLOK mark.

28. On or about September, 2015, a legal representative of Idex in Lake Forest contacted Defendant's trademark counsel in an attempt to resolve the cancellation action in the PTO. Defendant's counsel ignored these communications and did not respond to Idex's counsel.

29. On or about October 1, 2015, an officer of Band-It contacted an officer of the Defendant by phone in a further attempt to resolve the trademark dispute and informed

Defendant that, unless agreeably resolved, Band-It would pursue legal action to enforce its trademark rights. Those conversations did not resolve the present dispute and Defendant indicated they would wait to see how the cancellation petition proceeds in the PTO. As of the filing date of this complaint, the PTO proceeding is still pending.

30. The term PROLOK is confusingly similar to Band-It's registered mark PRO-LOKT and Defendant's adoption and use of PROLOK has and/or will cause confusion among the relevant consumer group. The word PROLOK is nearly identical in appearance to Band-It's registered PRO-LOKT mark and includes the same letters arranged in the same order. PROLOK and PRO-LOKT are phonetically pronounced in the same manner. The only difference between the two words are the inclusion of the hyphen and the last letter T in Band-It's mark, neither of which significantly differentiate the words in pronunciation or appearance.

31. Defendant has used PROLOK in connection with products that are directly competitive with the buckles and banding system that Band-It markets and sells under the PRO-LOKT brand. Defendant advertises and sells products bearing the infringing PROLOK mark in the same channels of trade and to the same customer base as Band-It.

32. On information and belief, Defendant's adoption and/or use in commerce of the infringing PROLOK mark was done willfully, intentionally, and deliberately with full knowledge of Band-It's registered PRO-LOKT mark and was done with intent to damage and harm Band-It.

33. On information and belief, Defendant has offered for sale and/or sold products bearing the infringing PROLOK mark in the same trade channels and to the same customer base as Band-It, including to customers in this judicial district. Also on information and belief, Defendant's have purposely targeted and adopted its PROLOK mark with the intention that the

mark is confusingly similar to Band-It's registered PRO-LOKT mark, and has done so with knowledge that Band-It is wholly owned by Idex who resides in this judicial district.

34. Unless enjoined by this Court, Defendant's continued use of the infringing PROLOK mark in connection with banding buckles and systems will continue to confuse the relevant purchasers and consumers as to the source and nature of Defendant's goods and, by extension, to the continued harm and detriment of Band-It.

## COUNT I

### (Federal Trademark Infringement Under 15 U.S.C. § 1114)

35. Band-It incorporates all the foregoing allegations as if fully set forth herein.

36. Band-It owns U.S. Registration 4,092,291 for the trademark PRO-LOKT.

37. Defendant's unauthorized use of PROLOK in interstate commerce has caused or is likely to cause confusion or mistake among customers, potential customers, and the consuming public or will deceive said customers, potential customers, and the consuming public as to the source, nature, and character of banding products offered by Defendant and by Band-It. Defendant's PROLOK mark is highly similar to Band-It's federally protected mark PRO-LOKT, is applied to goods sold to the same relevant consumer base through the same trade channels, and has been determined to be confusingly similar by an Examining Attorney at the PTO.

38. On information and belief, Defendant's unauthorized use of PROLOK and the actions alleged herein are done willfully, deliberately, and intentionally with the purpose of capitalizing on the goodwill and reputation associated with the PRO-LOKT mark and are further done with notice of Band-It's registration of that mark.

39. Defendant's infringement through its continued use of PROLOK without Band-It's consent has and will cause irreparable harm to Band-It for which Band-It has no adequate remedy at law.

## COUNT II

### (False Designation of Origin Under the Lanham Act 15 U.S.C. § 1125)

40. Band-It incorporates all the foregoing allegations as if fully set forth herein.

41. Defendant's unauthorized use of PROLOK in interstate commerce has caused or is likely to cause confusion or mistake among customers, potential customers, and the consuming public, or will deceive said customers, potential customers, and the consuming public as to the affiliation, connection, or association of Defendant's banding products with Band-It's products, services, and commercial activities. Defendant's PROLOK mark is highly similar to Band-It's federally protected mark PRO-LOKT, is applied to goods sold to the same relevant consumer base through the same trade channels, and has been determined to be confusingly similar by an Examining Attorney at the PTO.

42. On information and belief, Defendant's unauthorized use of PROLOK and the actions alleged herein are done willfully, deliberately, and intentionally with the purpose of capitalizing on the goodwill and reputation associated with the PRO-LOKT mark and further done with notice of Band-It's registration of that mark.

43. Defendant's infringement through its continued use of PROLOK without Band-It's consent has and will cause irreparable harm to Band-It for which Band-It has no adequate remedy at law.

## COUNT III

### (Illinois Common Law Trademark Infringement and Unfair Competition)

44. Band-It incorporates all the foregoing allegations as if fully set forth herein.

45. Band-It advertises and sells the PRO-LOKT products in Illinois.

46. Defendant's unauthorized use of PROLOK in connection with banding products constitutes trademark infringement and unfair competition in violation of the common law of Illinois, as such use has caused or is likely to cause confusion or mistake among customers, potential customers, and the consuming public, or will deceive said customers, potential customers, and the consuming public as to the affiliation, connection or association of Defendant's banding products with Band-It's products, services, and commercial activities, or as to the origin, sponsorship, or approval of Defendant's products in violation of Band-It's rights.

47. On information and belief, Defendant's unauthorized use of PROLOK and the actions alleged herein that constitute trademark infringement and unfair competition are done willfully, deliberately, and intentionally and with notice of Band-It's rights.

48. Defendant's infringement through its continued use of PROLOK without Band-It's consent has and will cause irreparable harm to Band-It for which Band-It has no adequate remedy at law.

## COUNT IV

### (Violation of Illinois Deceptive Trade Practices Act Under 815 ILCS § 510/1 *et seq*.)

49. Band-It incorporates all the foregoing allegations as if fully set forth herein.

50. Defendant's unauthorized use of PROLOK and the actions alleged herein have caused or are likely to cause confusion or mistake as to the source, sponsorship, or approval of banding products offered by Defendant and by Band-It.

51. Defendant's unauthorized use of PROLOK and the actions alleged herein have caused or are likely to cause confusion or mistake as to the affiliation, connection, or association of banding products offered by Defendant and by Band-It.

52. On information and belief, Defendant's unauthorized use of PROLOK and the actions alleged herein have disparaged the goods, services, and business of Band-It by making false and misleading factual representations.

53. On information and belief, Defendant's unauthorized use of PROLOK and the actions alleged herein are done willfully, deliberately, and intentionally and with notice of Band-It's rights.

54. Defendant's continued actions alleged herein will cause irreparable harm to Band-It for which Band-It has no adequate remedy at law.

## COUNT V

**(Declaration of Validity of Registration No. 4,092,291 Under 28 U.S.C. § 2201.)**

55. Band-It incorporates all the foregoing allegations as if fully set forth herein.

56. Defendant has harmed and continues to harm Band-It by maintaining the cancellation proceeding in the PTO over Band-It's registered PRO-LOKT mark despite Defendant's knowledge that each and every asserted ground for cancellation is wholly lacking in merit and support. Defendant's maintenance of the cancellation proceeding establishes an actual case and controversy between the parties.

57. Defendant does not have a legal right or entitlement to continue the cancellation proceeding due to facts and information in Defendant's awareness and possession that conclusively contradict or disprove each and every ground for cancellation raised in the proceeding.

58. Defendant's maintenance of the cancellation proceeding which includes allegations of misrepresentation and fraud on the PTO has harmed and continues to harm Band-It by falsely implying that its employees, agents, and representatives have somehow engaged in wrongful conduct. Further, Defendant's cancellation proceeding has harmed and continues to harm Band-It's parent Idex by falsely implying that Idex employees, agents, and representatives have somehow engaged in similar wrongful conduct because Idex individuals were involved in the filing and prosecution of the application for the PRO-LOKT registration.

59. Band-It therefore request this Court declare that U.S. Registration 4,092,291 for the mark PRO-LOKT is valid as against Defendant and its officers, agents, employees, and affiliates and further that this Court order Defendant to withdraw and cease its cancellation proceeding in the PTO with prejudice.

## PRAYER FOR RELIEF

WHEREFORE Band-It prays for judgment against Defendant as follows:

A. That Defendant and its officers, agents, employees, and affiliates be enjoined from (i) using PROLOK or any other mark that is confusingly similar to Band-It's PRO-LOKT mark in connection with banding and clamping products and (ii) from representing in any way that Defendant or Defendant's products are associated with, connected to, or affiliated with Band-It and the banding products it offers.

B. That Defendant shall deliver up and/or destroy all goods, packages, labels, signs, prints, and advertisements bearing PROLOK or any other mark that is confusingly similar to Band-It's PRO-LOKT mark pursuant to 35 U.S.C. § 1118.

C. That Defendant be directed to account for and pay over to Band-It all profits and gains it realized from the sale of goods and services done through the use,

marketing, advertising, or promotion of PROLOK and any other mark that is confusingly similar to Band-It's PRO-LOKT mark pursuant to 35 U.S.C. § 1117.

D. That Defendant be directed to pay to Band-It all damages suffered by Band-It through Defendant's use, marketing, advertising, or promotion of PROLOK and any other mark that is confusingly similar to Band-It's PRO-LOKT mark; Band-It further requests that such damages be trebled, in accordance with 35 U.S.C. § 1117.

E. For a declaration pursuant to 28 U.S.C. § 2201 that U.S. Registration No. 4,092,291 is valid, proper, and rightly owned by Band-It and that Defendant be directed to withdrawn and cease the cancellation proceeding in the PTO with prejudice.

F. That Defendant be directed to pay Band-It's reasonable attorneys fees and all costs in connection with this action and the cancellation action pending in the PTO.

G. Such other and further relief to Band-It at law or equity which the Court may deem to be proper.

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

Date: January 7, 2016

/s/ J. Karl Gross
J. Karl Gross, Reg. No. 6275041
kgross@leydig.com
LEYDIG, VOIT & MAYER, LTD
180 N. Stetson Ave.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601
312-616-5600

Attorney for Plaintiff